UNITED STATES

v.

**Senior Airman Bobby C. DUCKWORTH,
FR 265–25–9661, United States
Air Force**

**ACM 25303.**

U.S. Air Force Court of Military Review.

Sentence Adjudged 13 Feb. 1986.

Decided 16 July 1986.

Appellate Counsel for the Appellant: Colonel Leo L. Sergi and Lieutenant Colonel Michael D. Wims. Appellate Counsel for the United States: Colonel Kenneth R. Rengert and Captain Marc Van Nuys.

Before HODGSON, FORAY and MICHALSKI, Appellate Military Judges.

## DECISION

### PER CURIAM:

Having secured the advantage of a pretrial agreement, the appellant pleaded guilty to absence without leave, dereliction of duty, multiple larcenies exceeding $1,000.00, submitting a fraudulent claim, and three allegations of dishonorably failing to pay a just debt. It is these last three offenses that are the subject of this appeal.

Appellate defense counsel argue that the trial judge erred in accepting the appellant's guilty plea to dishonorably failing to pay just debts without inquiring of the appellant the facts which establish that the failure to pay the debt was dishonorable.

For the last 17 years it has been a requirement that before the military judge may accept a guilty plea as provident he must satisfy himself that the appellant not only believes he is guilty, but the facts as revealed by the appellant himself must objectively support this conclusion. *United States v. Davenport*, 9 M.J. 364 (C.M.A.

1980); *United States v. Care,* 40 C.M.R. 247 (C.M.A.1969).

▇ Applying the above standard to the rule that a mere failure to keep a promise to pay a debt is not itself dishonorable unless made with a fraudulent or deceitful purpose in order to evade payment, *United States v. Gibson,* 1 M.J. 714 (A.F.C.M.R. 1975), we hold that the appellant's guilty plea to Specification 1 of Charge V is improvident.

▇ When asked by the trial judge to state in his own words the circumstances surrounding his indebtedness to Sergeant Adams, the appellant admitted the indebtedness and went on to say:

ACC: Your honor, I became indebted to Sergeant Adams for the sum of eighty dollars. I did not have the money to pay him back, and I did not want to pay him back at the time, and did not pay him back until the 16th of January '86, after the charges were preferred.

The statement by the appellant does not objectively support his plea, and the trial judge should have made further inquiries. The plea to Specification 1 of Charge V is set aside, and in the interest of judicial economy is dismissed. In the remaining Specifications under Charge V the guilty pleas are clearly provident as the appellant admitted that fraud and deceit were the basis for his failure to repay the debt.

▇ We must, of course, reassess the sentence based on our action dismissing Specification 1 of Charge V. Taking in consideration the dismissed allegation, the remaining offenses to be affirmed, the appellant's disciplinary history which includes two nonjudicial punishments for fraudulent behavior, we deem the approved sentence to be entirely appropriate. The findings of guilty, as modified, and the sentence are

AFFIRMED.